UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TREASURY TWO TRUST,

                              Petitioner,

- against -

TERAS BREAKBULK OCEAN NAVIGATION ENTERPRISES LLC,

                              Respondent.

---

20-cv-

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Treasury Two Trust ("**TTT**")[1], by and through its attorneys, Watson Farley & Williams LLP, files this petition against Respondent Teras Breakbulk Ocean Navigation Enterprises LLC ("**TBONE**") pursuant to 9 U.S.C. §§ 9 and 13 and Federal Rule of Civil Procedure 69 to confirm the final arbitration award issued pursuant to the Rules of the Society of Maritime Arbitrations, Inc. (the "**SMA**") in New York (the "**SMA Proceeding**"). As detailed more fully herein, the final award of $2,150,140.24, dated September 30, 2019 (the "**Award**"), accrues interest until the date the Award is reduced to judgment[2]. TTT alleges upon information and belief as follows:

## Nature of Action

1.     This is a Petition to confirm and enforce an arbitration award issued pursuant to an arbitration proceeding before the Society of Maritime Arbitrations, Inc. regarding a breach of a maritime charter contract.

---

[1] TTT was formerly HHL Lisbon Trust, and became TTT during the course of the Arbitration (defined herein). *See* Exhibit A at 3.

[2] Attached hereto as Exhibit A is a true and correct copy of the Award.

**The Parties**

2.  At all relevant times, TTT was, and still is, a statutory trust duly organized and existing under the laws of the state of Delaware.

3.  At all relevant times, TBONE was, and still is, a limited liability company duly organized and existing under the laws of the state of Delaware[3] with its principal office located in 5358 33rd Ave. NW, Gig Harbor, Washington 98335.

**Jurisdiction and Venue**

4.  This Court has jurisdiction over this matter pursuant to 9 U.S.C. § 9, 28 U.S.C. § 1333, and Federal Rule of Civil Procedure 9(h) because the cause of action for breach of a vessel charter sounds in admiralty, and this Petition is brought pursuant to 9 U.S.C. § 1, et seq.

5.  Pursuant to 9 U.S.C § 9, this Court is the proper venue to hear this dispute because the Award was made within this district.

**The Charter**

6.  On or about July 22, 2015, TTT, as owner of the M/V NORFOLK (the "**Vessel**"), entered into a bareboat charter party agreement (the "**Charter**") with TBONE as charterer. Attached hereto as Exhibit B is a true and correct copy of the Charter.

7.  Disputes arose between TTT and TBONE when TBONE failed to pay charter hire in breach of the Charter. Specifically, TBONE's breach led to a total loss of hire of $4,546,625, not taking into account TTT's efforts to mitigate the premature redelivery of the Vessel to TTT. Exhibit A at 25.

---

[3] In reviewing the relevant secretaries of state registries, it appears that TBONE was formed under the laws of Delaware on August 30, 2010, where it remains registered in good standing. It was also registered in Virginia with an address of 9821 Days Farm Drive, Vienna, VA 22182, but it appears its registration in that state was cancelled on June 30, 2017. Thus, the Award's statement that TBONE was "formed under the laws of Virginia" appears to be a misstatement. Exhibit A at 1.

8. According to the Award, TTT and TBONE (together, the "**Parties**") "agreed that the place of arbitration would be New York and that the laws of the State of New York and U.S. general maritime law would apply. The Parties agreed that the arbitration would proceed on documents alone and in accordance with the Rules of the [SMA]." Exhibit A at 2.[4]

9. TTT commenced arbitration before the SMA on July 28, 2017 before a panel of three arbitrators (the "**Panel**") in the City of New York in accordance with the SMA's rules. TTT alleged, and the Award ultimately confirmed, that TBONE breached the Charter by failing to pay hire and prematurely redelivered the Vessel, causing the loss of charter hire payments and other amounts. TTT sought damages of $3,777,624.41, which included its claims for loss of hire, deferred hire, and unpaid hire, as well as vessel costs, foreign repair duties, fuel supplies and liens paid. TTT also sought interest, various miscellaneous costs, and attorney's fees arising from TBONE's breach. Exhibit A at 4-5.

10. TTT and TBONE appointed their respective arbitrators, with their chosen arbitrators electing a third to form the arbitral panel (the "**Panel**"). The Parties accepted the Panel in late October 2017.

11. Both Parties fully participated in the SMA Proceeding[5] and on January 11, 2019 the Panel formally closed the Arbitration proceeding but allowed it to reopen to consider new evidence. TBONE made the final submission to the Panel on May 28, 2019.

12. On September 30, 2019, the Panel issued the Award in favor of TTT, directing TBONE to pay TTT the sum of $2,150,140.24. Exhibit A at 33.

---

[4] The Parties stipulated before the arbitration commenced that it would take place in New York before the SMA and that U.S. general maritime law would apply for interpretation of the Charter. Attached hereto as Exhibit C is a true and correct copy of this stipulation.

[5] *See* Exhibit A at 34-35 – "Appendix A: - List of Submissions" for a detailed outline of all documents entered by the Parties.

13. The Award provides that "[i]f payment of this Award has not been made within 30 days from the date of this Award, interest at the prime rate per annum shall continue to accrue on the principal amount from the date of the Award until payment in full has been made or the Award has been reduced to judgment, whichever first occurs."  Exhibit A at 33.

14. In the Award, the Panel observed the Award "may be made a rule of the court." Exhibit A at 33.

15. The SMA's guidelines contemplate that the Award "may be confirmed by a court of competent jurisdiction, thereby allowing the prevailing party to obtain and collect upon the ensuing court judgment."  *Practical Guide*, Society of Maritime Arbitrators, http://www.smany.org/arbitration-practical-guide.html.

16. As of the date of this filing, TBONE has not made any payments to satisfy the Award.

WHEREFORE, Petitioner prays:

A. That this Court confirm the Panel's Award;

B. That this Court enter judgment on the Award against TBONE in the total amount of $2,150,140.24 plus interest at the rate provided in the Award accruing from September 30, 2019 until the date that this Court's judgment is issued; and

C. That this Court grant TTT such other, further and different relief as is deemed just and proper.

Dated: May 28, 2020.

Respectfully submitted,

WATSON FARLEY & WILLIAMS LLP

By: _____
John Kissane
250 West 55th Street
New York, NY 10019
Tel: (212) 922-2219
Fax: (212) 922-1512
jkissane@wfw.com

*Attorney for Petitioner*