```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
TREASURY TWO TRUST,                                                  :
                                                                     :
                                    Petitioner,                      :     1:20-cv-4089-GHW
                                                                     :
                     -against-                                       :
                                                                     :
                                                                     :     MEMORANDUM OPINION
TERAS BREAKBULK OCEAN NAVIGATION                                     :           AND ORDER
ENTERPRISE LLC.                                                      :
                                                                     :
                                    Respondent.                      :
                                                                     :
--------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Treasury Two Trust ("TTT") filed a petition against Teras BreakBulk Ocean Navigation Enterprise LLC ("TBONE") pursuant to 9 U.S.C. §§ 9 and 13 and Federal Rule of Civil Procedure 69 to confirm the final arbitration award issued pursuant to the Rules of the Society of Maritime Arbitrations, Inc. (the "SMA") in New York. For the following reasons, the award is confirmed.

**I. BACKGROUND**

In July 2015, TTT entered into a bareboat charter agreement with TBONE to charter a vessel (the "Vessel"). *See* Plaintiff's Petition ("Pl.'s Pet."), Dkt. No. 1; *see also* Copy of Charter ("Charter"), Dkt. No. 1-2. As part of the agreement, the parties "agreed that the place of arbitration would be New York and that the laws of the State of New York and the United States general maritime law would apply. The parties also agreed that the arbitration would proceed on documents alone and in accordance with the" SMA. Pl.'s Pet. ¶ 8; *see also* Final Award ("Final Award"), Dkt. No. 1-1.

TTT began arbitration against TBONE in July 2017 before a panel of three arbitrators in New York City, in accordance with the SMA's rules. Final Award at 2. Each party appointed an arbitrator and the two arbitrators selected by the parties chose a third. *Id.* TTT alleged that

TBONE breached the parties' charter by failing to pay hire and prematurely redelivered the Vessel, causing the loss of charter hire payments and other amounts. Pl.'s Pet. ¶ 9.

Both TTT and TBONE participated in the arbitration. In January 2019, the panel closed the proceedings. *See* Final Award. TBONE made its final submission in May 2019. Pl.'s Pet. ¶ 11. In September 2019, the panel issued the Final Award in favor of TTT, directing TBONE to pay the sum of $2,150,140.24. Pl.'s Pet. ¶ 12; *see also* Final Award.

In May 2020, TTT brought this lawsuit, asserting that TBONE had not satisfied any portion of the arbitration award. *See* Pl.'s Pet. The Court directed TTT to serve its motion and accompanying papers on TBONE, and TTT did so. *See* Dkt. Nos. 5, 8–14. TBONE has not appeared in this action.

## II. LEGAL STANDARD

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and quotation omitted). The Federal Arbitration Act ("FAA") provides that "any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless the award is vacated, modified, or corrected" as prescribed by §§ 10 and 11 of the FAA. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-cv-9040 (RA), 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016) (citing 9 U.S.C. § 9). "It is well established that courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir.2003). This is done "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Thus, § 10 of the FAA "permits vacatur of an arbitration award in only four specifically enumerated situations, all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators." *Duferco Int'l Steel Trading*, 333 F.3d at 388.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109.  Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (quotation marks omitted).

## III. DISCUSSION

### A. Confirmation of the Arbitration Award

TTT is entitled to confirmation of the Award because there is no issue of material fact that would preclude its enforcement.  TTT has presented undisputed evidence that the parties consented to arbitration for any dispute that might arise out of or in connection with their contract.  Charter at 10, ¶ 30.  And the parties stipulated that if a dispute arose, arbitration would take place in New York, and the SMA and United States general maritime law would apply.  *See* Stipulation of Arbitration, Dkt. No. 1-5.  Here, the dispute arose from TBONE's alleged failure to pay "hire and loss of hire and for Vessel costs, repair duties, fuel procured and lien claims."  Final Award at 5.  Thus, the arbitration provision appropriately covers this dispute.

Moreover, there is no dispute as to whether the panel acted within the scope of its authority.  The parties agreed "that the arbitration would proceed on documents alone and in accordance with the [SMA]."  Final Award at 2.  TTT submitted evidence showing that it gave TBONE notice of the hearing, TBONE appeared at the hearing, and both parties "fully participated" in the proceedings.  Pl.'s Pet. ¶¶ 10–11; *see also* Final Award at 34-35.  When the evidence before the panel was unclear on an issue—for example, which party controlled the Vessel at a given time—the panel reopened the proceedings to obtain more information.  Final Award at 11.  And after reviewing the records presented to it, the panel further questioned and corrected the award calculations.  Final Award at 25.  Nothing in the record suggests that the panel acted inappropriately.

TTT has met its burden to "demonstrat[e] that no material issue of fact remains" as to whether the Award can be enforced. *D.H. Blair & Co.*, 462 F.3d at 110. There is no indication that the Award was procured through fraud or dishonesty or that the panel was acting in disregard of the SMA or outside the scope of their broad authority to resolve any dispute between the parties. Thus, TTT is entitled to judgment as a matter of law. *See Jessica Rose*, 2016 WL 6952345, at *3 (granting an unopposed petition to confirm an arbitration award after determining that "[t]he amount [the respondent] owes is . . . undisputed") (citing *Trs. for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc*, No. 16-cv-1120 (AJN), 2016 WL 6208559, at *3 (S.D.N.Y. Oct. 20, 2016)).

**B. Post-Award Pre and Post-judgment Interest**

TTT further requests pre- and post-judgment interest "at the prime rate per annum," accruing from "the date of the Award until payment in full has been made." Pl.'s Pet. at 5. It is within the discretion of the district court to decide whether it will "grant prejudgment interest in arbitration confirmations[.]" *Ceona PTE Ltd. v. Bmt Giant, S.A. de C.V.*, No. 16-cv-4437 (WHP), 2016 WL 6094126, at *2 (S.D.N.Y. Oct. 19, 2016) (quotation marks omitted). "The Second Circuit has, however, adopted a 'presumption in favor of pre-judgment interest.'" *Jessica Rose*, 2016 WL 6952345, at *4 (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)). Thus, "[t]he common practice among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-cv-5106 (JFK), 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007) (quotation marks omitted); *see* N.Y. C.P.L.R. § 5004 (fixing the rate of pre-judgment interest under New York law). The Court abides by that common practice here. Thus, the Court grants TTT's request, at a rate of nine percent per annum, from the date of the Award through the date of judgment in this action.

TTT has also requested post-judgment interest. Under 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory." *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013). This provision applies to actions for confirmation of arbitration awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 100-01 (2d Cir. 2004). The Court therefore grants TTT's request for post-judgment interest that accrues from the date of judgment until the Award is paid in full.

## IV. CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is GRANTED. The Clerk of Court is respectfully directed to enter judgment in the amount of $2,150,140.24 plus prejudgment interested calculated at 9% per annum from September 30, 2019, through the date of judgment in this action together with post-judgment interest calculated at the statutory rate.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: August 24, 2020  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge